OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of James McGary Hubler, filed November 18, 2004. Following a bench trial, Hubler was convicted of attempted obstruction of justice, in violation of R.C. 2921.32(A)(3), and he received a suspended sentence of six months in prison, a three-year term of community control sanctions, and 30 days in the Montgomery County jail. He was initially indicted for obstruction of justice.
 {¶ 1} The events giving rise to this matter began when the Dayton police received an anonymous tip that the occupants of 63 Brandt Street, Apt. 3, Dayton, Ohio, were engaged in illegal drug activity. The police eventually secured a warrant to search apartment 3, naming John Crenshaw as a suspect. Apartment 3 is one of 12 units owned by Matthew Crawford, who lives in apartment 2. Crawford hired Hubler, a long time friend, to replace windows in the building, and Hubler was working in the side yard of the property when seven officers arrived to execute the search warrant. Hubler yelled, "Task force," more than once in the direction of apartment 3. At trial, Hubler initially stated on direct examination that his purpose was to alert Crawford to the officers' presence. On cross examination, however, he stated that he did not have a purpose in announcing their arrival and that he merely overreacted. Several officers involved in the execution of the warrant also testified.
 {¶ 2} Hubler's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WITH INSUFFICIENT EVIDENCE."
 {¶ 4} Although both are raised by Hubler in a single assignment of error, "a challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." State v. McKnight (Nov. 30, 2005), 2005 WL 3054062. "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted.) A claim that a jury verdict is against the manifest weight of the evidence involves a different test. `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. (Internal citations omitted.)
 {¶ 5} We conclude that the evidence is legally sufficient to convict Hubler of attempted obstruction of justice. Obstruction of justice occurs when a "person, with purpose to hinder the discovery, apprehension, prosecution, conviction, punishment of another for crime * * * warns the other person * * * of impending discovery or apprehension." R.C. 2921.32(A)(3). The trial court found Hubler not guilty of the indicted charge of obstruction of justice because the State did not establish that Crenshaw or anyone else in apartment 3 actually heard the warnings issued by Hubler. Pursuant to R.C. 2923.02, however, Hubler engaged in conduct that, if successful, constitutes obstruction of justice. It was for the trial court to determine the credibility of the witnesses at trial, and it found Hubler's contradictory testimony to be "totally unbelievable." The officers' testimony, if believed, showed that Hubler's conduct in yelling, "task force," intended to warn the occupants of apartment 3, which constitutes an attempt to obstruct justice. Further, after reviewing the entire record, weighing the evidence and all reasonable inferences to be drawn therefrom, and considering the credibility of the witnesses, we cannot say that the trial court lost its way and created a manifest injustice. A new trial is not warranted. Hubler's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J. and Fain, J., concur.